Filed 10/25/24  Western Sages Foundation v. Ku CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| WESTERN SAGES FOUNDATION, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> LAN HUA KU, <br><br> Defendant and Appellant. | B329881 <br><br> (Los Angeles County Super. Ct. No. 21GDCV00984) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Joel L. Lofton, Judge.  Affirmed.

Tatone Law, Michelangelo Tatone, and Xiaona Ding for Defendant and Appellant.

Bayley Law Firm and Guy R. Bayley for Plaintiff and Respondent.

_____

In January 2023, the trial court commenced a jury trial on plaintiff Western Sages Foundation's (Western Sages) claim to recover unpaid rent owed by defendant Lan Hua Ku under a commercial lease. After Western Sages presented its case-in-chief and Ku testified on her own behalf, the court granted Ku's request for judicial notice of "the Los Angeles County Covid-19 moratorium" (Moratorium). Western Sages agreed that it would not seek to recover any rent protected by the Moratorium. The court then granted Western Sages' "motion for a directed verdict in the amount of $18,150.00, less the $2,000 security deposit as offset, for a total directed verdict of $16,150." The court discharged the jury and stayed entry of judgment to allow Ku to submit a brief addressing whether Western Sages' entire lawsuit was barred by the Moratorium. Ku later filed a "post-trial brief," arguing that the Moratorium barred Western Sages' action for repayment of unpaid rent.

In February 2023, the court entered judgment in Western Sages' favor and against Ku for $16,150.

Ku appeals. She argues the court erred when it entered a directed verdict in Western Sages' favor because the Moratorium barred Western Sages' entire action to recover unpaid rent. As we explain, we must affirm the judgment because Ku has not provided us an adequate record to review her claims of error on appeal.

We presume that an appealed judgment is correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).) To overcome this presumption, the appellant must affirmatively demonstrate error and provide an adequate record on appeal. (*Ibid*.) " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by

2

the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' " (*Ibid*.) " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Ibid*.) It is, therefore, the appellant's burden to provide an adequate record, and her failure to do so requires the reviewing court to resolve the appeal against her. (*Ibid*.)

The record on appeal does not include copies of the operative pleading, Western Sages' motion for a directed verdict, Ku's request for judicial notice of the Moratorium, or the reporter's transcript or a settled statement memorializing the proceedings below, including the trial at which the court entered the directed verdict in Western Sages' favor. We therefore lack a record of the evidence that was presented at trial, including any testimony or documentary evidence about the terms of the underlying commercial lease and the details of Ku's occupancy of Western Sages' property, such as her history of paying rent under the commercial lease. We also lack any transcripts or other court documents showing why the court rejected Ku's claim that Western Sages' entire lawsuit was barred by the Moratorium. Although Ku has attached to her opening brief what she claims are two versions of the Moratorium that are relevant to Western Sages' claim to recover unpaid rent, the documents do not include file stamps indicating they were filed in the trial court. Ku does not explain whether the documents attached to her opening brief were considered by the court before it entered judgment in Western Sages' favor.

As the Supreme Court explained in *Jameson*, the "lack of a verbatim record of [trial court proceedings] will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court." (*Jameson*, *supra*, 5 Cal.5th at p. 608.) That is true here. Without a record of the evidence that Western Sages presented below to support its claim to recover unpaid rent from Ku and its motion for a directed verdict on that claim, as well as a record of the court's decision rejecting Ku's affirmative defense based on the Moratorium, we cannot meaningfully review the court's decision to grant the motion for a directed verdict and enter judgment in Western Sages' favor. Accordingly, we must presume the record supports the court's decision and affirm the judgment. (*Id*. at p. 609.)

## DISPOSITION

The judgment is affirmed. Western Sages shall recover its costs on appeal.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

WILEY, J.

4